CECELIA KLEMMER, appellant,

*v.*

EDGAR L. KERNS, respondent.

[Argued March 13th, 1906.   Decided November 19th, 1906.]

Though the assumption of a mortgage debt by a subsequent purchaser is absolute and unqualified in the deed of conveyance to him, it will be controlled by a collateral contract between him and his grantor, not embodied in the deed, and the mortgagee cannot enforce the contract of assumption appearing in the deed unless the grantor could.

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bergen, who filed the following conclusions:

As this case has been fully argued, and is in a very narrow compass, I think that I will dispose of it now.

The bill is filed for the purpose of requiring the defendant, Kerns, to pay a deficiency existing between the amount due on a mortgage and the price for which the property sold under foreclosure of it.

The claim is based upon a clause in a deed made by Charles E. Napp to E. L. Kerns, in which the grantee assumes the payment of a mortgage indebtedness upon the property, part of which is represented by the foreclosed mortgage.

I have before me the case of *Crowell* v. *Hospital of St. Barnabas,* reported in *27 N. J. Eq. (12 C. E. Gr.) 650,* and will read a part of the opinion to be found on *p. 656:* "But the right of the mortgagee to this remedy does not result from any fixed or vested right in him, arising either from the acceptance by the subsequent purchaser of the conveyance of the mortgaged premises, or from the obligation of the grantee to pay the mortgage debt as between himself and his grantor.  Though the assumption of the mortgage debt by the subsequent purchaser is absolute and unqualified in the deed of conveyance, it will be controlled

by a collateral contract made between him and his grantor which is not embodied in the deed." These words, I think, establish the rule which must control this case.

It appears, and I think I would not be justified in any other finding under this evidence, that Mr. Napp, the owner of the property, and who had assumed the payment of this mortgage indebtedness, conveyed it to the defendant, Kerns, not as an absolute conveyance, but as between themselves, to secure to Kerns the payment, not only of a debt then existing and due to him from the grantor, Napp, but for such other moneys as he might disburse in the holding and protection of the property for Mr. Napp.

So we have this situation: That, as between Mr. Napp and Mr. Kerns, there was a collateral agreement, by the terms of which Mr. Kerns was to hold this property for an indebtedness due or to accrue from Mr. Napp to him, and assumed the payment of the mortgage debt, although the conveyance was absolute on its face.

Manifestly, under such a condition, Mr. Napp could not enforce this assumption by a bill on his own behalf against Mr. Kerns, nor compel him to pay the deficiency even if, because of his prior assumption, he had been compelled to pay the money.

That being the situation, I am at a loss to see how the present complainant's position, whose right is only one of subrogation, would be any greater or higher than that of Mr. Napp. If Mr. Napp could not enforce it, naturally the complainant has no other or greater right.

The result of which is that I feel constrained to advise that this bill must be dismissed and the defendant allowed a decree.

*Mr. John S. Van Dike,* for the appellant.

*Mr. George W. Macpherson,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons set forth in the opinion filed in the court of chancery by Vice-Chancellor Bergen.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, FORT, GARRETSON, HENDRICKSON, SWAYZE, REED, BOGERT, VREDENBURGH, VROOM, GREEN, DILL—12.

*For reversal*—None.